**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Martin MARTINEZ–JIMENEZ,**
**Defendant–Appellant.**

**No. 07–50352.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 6, 2009.*

Filed Feb. 10, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Bruce C. Smith, Esquire, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Frederick M. Carroll, Esquire, San Diego, CA, for Defendant–Appellant.

Before HALL, SILVERMAN and CALLAHAN, Circuit Judges.

R.App. P. 34(a)(2).

## MEMORANDUM **

Martin Martinez–Jimenez appeals his conviction and sentence for possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The district court denied defendant's motion to suppress his confession and motion for new trial after several evidentiary hearings, ruling that agents did not deliberately use a two-step interrogation process. *See United States v. Williams,* 435 F.3d 1148, 1157 (9th Cir.2006). We review de novo a district court's decision to admit statements that may have been obtained in violation of *Miranda. United States v. Rodriguez–Rodriguez,* 393 F.3d 849, 855 (9th Cir.2005). We review for clear error the district court's underlying factual findings, including the finding of deliberateness. *Id.; United States v. Narvaez–Gomez,* 489 F.3d 970, 974 (9th Cir.2007). We affirm.

The district court did not err in denying Martinez–Jimenez's motion to suppress and motion for new trial. The agents in this case did not deliberately employ a two-step interrogation technique to undermine the *Miranda* warnings. *See Williams,* 435 F.3d at 1158–59. In fact, the record shows that Martinez–Jimenez volunteered his desire to speak to the agents at the scene, and that they explicitly discouraged him from speaking to them until he reached the station, where he was given his *Miranda* rights prior to questioning. Further, the district court properly determined that Martinez–Jimenez's *Miranda* waiver was voluntary, knowing, and intelligent. *See Narvaez–Gomez,* 489 F.3d at 974 ("[I]f the two-step method is not deliberate, the post-warning statements are admissible if voluntarily made").

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

